RICHARD LLOYD SHERMAN, ESQ. (STATE BAR NO. 106597)
ABHAY KHOSLA, ESQ. (STATE BAR NO. 223555)
**SHERMAN LAW GROUP**
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212-2929
Telephone: (310) 246-0321
Facsimile: (310) 246-0305
E-mail: richard@shermanlawgroup.com
         abhay@shermanlawgroup.com

Attorneys for Defendant and Cross-Complainant
**FRANCINI, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANOVER AMERICAN INSURANCE COMPANY; CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCINI, INC; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:23-CV-10047-SB-MAA<br><br>FRANCINI, INC.'s THIRD PARTY COMPLAINT AGAINST HIGH GROUND INSURANCE SERVICES, INC. FOR:<br><br>1. **EQUITABLE INDEMNITY;**<br>2. **IMPLIED INDEMNITY;** and<br>3. **DECLARATORY RELIEF**<br><br><u>**Jury Trial Demanded**</u><br><br>FILED PURSUANT TO COURT ORDER OF FEBRUARY 14, 2024 (DOCKET NO. 27) |
| FRANCINI, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>HIGH GROUND INSURANCE SERVICES, INC., a California corporation; and ROES 1 through 100, inclusive,<br><br>Third-Party Defendants. | |

Defendant and Third-Party Plaintiff Francini, Inc. hereby avers as follows:

## PARTIES

1. Third-Party Plaintiff Francini, Inc. ("***Francini***" or "***Third-Party Plaintiff***") is now and at all relevant times was a corporation organized and existing under the laws of the State of California, and doing business in Los Angeles County, California.

2. Upon information and belief, Francini avers that Third-Party Defendant High Ground Insurance Services, Inc. (***"HGIS"***) is a corporation organized and existing under the laws of the State of California, and doing business in Los Angeles County, California.

3. Francini is informed and believes, and thereon avers, that the identities of ROES 1 through 100, inclusive, (the "***ROE Defendants***") whether individual, corporate, associate or otherwise, are unknown to Francini, who will, upon proper identification, seek leave to amend this Third-Party Complaint when such true names are ascertained.

4. Francini is informed and believes, and thereon avers, that each of the ROE Third-Party Defendants are responsible in some manner for (a) the events and happenings alleged in this Third-Party Complaint, as well as the Complaint filed by plaintiffs Hanover American Insurance Company ("***Hanover***") and Citizens Insurance Company of America ("***Citizens***"). (Hanover and Citizens are hereinafter collectively referred to as "***Plaintiffs***"); and (b) Plaintiffs alleged damages (if any), and are thus equally obliged to indemnify Francini.

5. HGIS and the ROE Defendants are collectively referred to below as the "***Third-Party Defendants***".

/ / /
/ / /
/ / /
/ / /

# GENERAL ALLEGATIONS

6. On or about November 29, 2023, Plaintiffs filed a Complaint in the United States District Court, Central District of California against Francini. Although Francini denies each and every averment of Plaintiffs' Complaint, the averments of said Complaint are incorporated herein for reference purposes only, as though fully set forth herein.

7. Plaintiffs Complaint avers that a dispute has arisen concerning certain insurance policies identified in the Complaint as follows:

- Hanover's Commercial General Liability Policy # ZZ3 D016527 00, attached as ***Exhibit A*** to the Complaint;
- Citizens' Commercial General Liability Policy # ZB3 H024264 00, attached as ***Exhibit B*** to the Complaint; and
- Citizens' Commercial General Liability Policy # ZB3 H024264 01, attached as ***Exhibit C*** to the Complaint.

(Hereafter, these three policies are identified collectively as the "***Policies***").

8. In the Complaint, Plaintiffs contend that "they have no duty to defend" or indemnify Francini in connection with various and identified pending lawsuits brought against Francini (the ***"Underlying Lawsuits"***) *"under the Policies due to the pollution and silica exclusions"* supposedly contained therein.

9. For the last approximately 15 years, Third-Party Defendants have been Francini's insurance broker, and through this long-standing relationship, were and are intimately familiar with Francini, its insurance needs, and all facets of its operations (including those operations involving silica and other averred "pollutants" as pertinent to the Underlying Lawsuits) (the ***"Operations"***).

/ / /
/ / /
/ / /
/ / /

10. At all times relevant to the procuring of the Policies, Third-Party Plaintiff requested that Third-Party Defendants obtain all insurance necessary to provide coverage for every facet of their Operations. Third-Party Defendants represented they had (a) the expertise to do so and (b) an expertise generally in procuring insurance for the kind of marble, granite & stone distribution business which Third-Party Plaintiff has been engaged in at relevant times (which representation Third-Party Plaintiff relied upon at all relevant times, when utilizing Third-Party Defendants' services).

11. When procuring and maintaining the Policies, Third-Party Defendants were thus intimately aware of the Operations and the kinds of coverage which Third-Party Plaintiff had requested and needed therefor, and represented they would obtain such coverage, as requested. At all relevant times, Third-Party Defendants thus had a duty to

- procure insurance for Third-Party Plaintiff that covered the Underlying Lawsuits, or any other lawsuit arising from silica or other averred pollutants (to the extent that the Plaintiffs may be correct that the Policies do not); or in the alternative,
- warn Francini that the Policies (a) contained exclusions for "pollution and silica exclusions" and thus (b) may not provide coverage for lawsuits such as the Underlying Lawsuits, at least if Plaintiffs may be found to be correct as to their contentions (which are in dispute and a subject of future discovery, investigation and likely, expert testimony).

12. Without admitting the averments of the Complaint, Third-Party Plaintiff claims that Third-Party Defendants failed to take such actions as required and as necessary in light of Plaintiffs' contentions and instead:

- (a) misrepresented that they had carefully reviewed the Policies before providing them to the Third-Party Plaintiff and that the Policies would provide coverage for the Operations, without limitation or reference to

any potential policy exclusions for silica or other pollutants, despite holding themselves out as having an expertise in the field of insurance sought by Third-Party Plaintiff;

- (b) failed to deliver the policies requested by Third-Party Plaintiff, and
- (c) failed to act in the interests of Third-Party Plaintiff by not obtaining quotes from companies which did not contain the exclusions and/or policy limitations Plaintiffs now seek to litigate.

13. Hanover's contentions, even if in dispute, thus require the filing of this Third-Party Complaint as against Third-Party Defendants.

14. More specifically, Third-Party Plaintiff has been significantly harmed by the position taken by Plaintiffs with respect to the Policies, and Third-Party Defendants' breach was a substantial factor and proximate cause of Third-Party Plaintiff's suffering such harm.

### FIRST CLAIM FOR RELIEF - EQUITABLE INDEMNITY

*(Against All Third-Party Defendants)*

15. Francini refers to and incorporates by reference each and every averment of the foregoing paragraphs of this Third-Party Complaint as though fully set forth below.

16. As a direct result of Third-Party Defendants' actions and inactions, Third-Party Plaintiff is now required to act in protection of its interests by defending against the Complaint filed in his action, and by bringing this Third-Party Complaint. Third-Party Plaintiff is without fault with respect to the matters averred in the Complaint, however.

17. Without admitting the averments of Plaintiffs Complaint, Third-Party Plaintiff is informed that to the extent the Policies do not provide coverage for the Underlying Lawsuits, any amount paid in connection therewith should be the responsibility of the Third-Party Defendants under the principle of Equitable Indemnity.

18. Based upon the facts set forth hereinabove, equity and good conscience, Third-Party Plaintiff is entitled to total equitable indemnification by Third-Party Defendants from and against any and all liability to Plaintiffs, as well as fees, costs and other expenses incurred by Third-Party Plaintiff as a result of Plaintiffs' claims herein, according to proof, including but not limited to any sums paid by settlement or judgment in the Underlying Lawsuits by Third-Party Plaintiff, or to Plaintiffs by way of settlement or judgment in this action.

19. Third-Party Plaintiff further claims attorneys' fees in defending against Plaintiffs' Complaint, to the extent permitted by *Code of Civil Procedure* §1021.6 since Third-Party Plaintiff is without fault but is forced to defend itself against the Complaint and prosecute this Third-Party Complaint as a result of the Third-Party Defendants.

### SECOND CLAIM FOR RELIEF - IMPLIED INDEMNITY
*(Against All Third-Party Defendants)*

20. Francini refers to and incorporates by reference each and every averment of the foregoing paragraphs of this Third-Party Complaint as though fully set forth below.

21. Based upon the facts as averred hereinabove, Third-Party Plaintiff has an implied right of indemnity against Third-Party Defendants' negligence and/or other wrongful conduct. Third-Party Defendants, and each of them, owe a duty to Third-Party Plaintiff to hold Third-Party Plaintiff harmless from any and all costs, judgments, or expenses which insurance policies that Third-Party Defendants were asked to procure should have covered, and a duty to reimburse Third-Party Plaintiff for its costs and expenses incurred in investigating and defending the claim of Plaintiffs made herein, including reasonable attorneys' fees.

///
///
///

## THIRD CLAIM FOR RELIEF - DECLARATORY RELIEF

*(Against All Third-Party Defendants)*

22. Francini refers to and incorporates by reference each and every averment of the foregoing paragraphs of this Third-Party Complaint as though fully set forth below.

23. As a result of the foregoing, there is an actual and present controversy between Third-Party Plaintiff and Third-Party Defendants. Third-Party Plaintiff contends that if Plaintiffs prevail in any manner and to any extent on their Declaratory Relief Complaint as concerns the Policies, any amount paid by Third-Party Plaintiff in connection with the Complaint or Underlying Lawsuits would be caused by and based in whole or in part upon the negligent acts and omissions of Third-Party Defendants. Third-Party Plaintiff further avers that the expense of defending Hanover's Complaint could have been avoided, but for the actions and inactions of Third-Party Defendants.

24. Third-Party Plaintiff is informed and believes and on that basis avers that Third-Party Defendant disputes the foregoing averments. Third-Party Plaintiff thus desires a judicial declaration of the rights and duties of the parties with respect to the matters averred in this Third Party Complaint.

**WHEREFORE,** Third-Party Plaintiff prays for judgment as follows:

1. Equitable and/or Implied Indemnity against Third-Party Defendants, including costs and attorneys' fees to the extent authorized by *Code of Civil Procedure* §1021.6;

2. A Judicial Determination of the parties' respective rights and duties, including as relating to the Policies, the Underlying Lawsuits, and the claims averred herein for Equitable Indemnity and Implied Indemnity;

///

///

///

3. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: February 19, 2024                         **SHERMAN LAW GROUP**

By: _/s/ Richard Sherman_____
RICHARD LLOYD SHERMAN, ESQ.
Attorneys for Defendant and Cross-Complainant **FRANCINI, INC.**

**FRANCINI, INC. HEREBY DEMANDS A JURY TRIAL ON THIS THIRD-PARTY COMPLAINT AND IN THIS ACTION.**

Dated: February 19, 2024                         **SHERMAN LAW GROUP**

By: _/s/ Richard Sherman_____
RICHARD LLOYD SHERMAN, ESQ.
Attorneys for Defendant and Third-Party Plaintiff **FRANCINI, INC.**

# CERTIFICATE OF SERVICE

## CENTRAL DISTRICT OF CALIFORNIA

1. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.

2. My business address is 9454 Wilshire Blvd., 850 Beverly Hills, California 90212.

3. On **February 20, 2024**, I served the foregoing document(s) described as:

**FRANCINI INC.'s THIRD PARTY COMPLAINT AGAINST HIGH GROUND INSURANCE SERVICES INC. FOR: EQUITABLE INDEMNITY; IMPLIED INDEMNITY; AND DECLARATORY RELIEF; JURY TRIAL DEMAND**

4. I served the documents listed above in Item 3 on the interested parties in this action addressed as follows:

PLEASE SEE ATTACHED SERVICE LIST

5. **XX** Pursuant to the Judicial Council of California's COVID-19 Emergency Rule 12 adopted effective on April 17, 2020, I caused the documents to be sent on the date show below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the document by the means described in item 5 on February 20, 2024.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

|  Wendy Wagner  |  /s/ Wendy Wagner  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

CIVIL DOCKET FOR CASE #: 2:23-cv-10047-SB-MAA

Ryan Z Keller
Hayes Scott Bonino Ellingson Guslani LLP
333 Twin Dolphin Drive Suite 230
Redwood City, CA 94065
650-486-2886
Fax: 650-637-9101
Email: rkeller@hayesscott.com

Stephen M Hayes
Hayes Scott Bonino Ellingson and Guslani LLP
333 Twin Dolphin Drive Suite 230
Redwood City, CA 94065
650-637-9100
Fax: 650-637-9101
Email: shayes@hayesscott.com

CERTIFICATE OF SERVICE