DEIDRE COHEN KATZ, State Bar No. 166261
dkatz@wfbm.com
SADAF A. NEJAT, State Bar No. 280973
snejat@wfbm.com
RAQUEL HOWARD, State Bar No. 286234
rhoward@wfbm.com
WFBM, LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone:   (714) 634-2522
Facsimile:   (714) 634-0686

Attorneys for Defendant FRANCINI, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| FERNANDO BUSTOS-MONDRAGON and VERONICA DE LA CRUZ,<br><br>Plaintiffs,<br><br>v.<br><br>ANTOLINI LUIGI & CSPA, an Italian corporation; ARCHITECTURAL SURFACES, INC., a Texas corporation; ARIZONA TILE, L.L.C., an Arizona limited liability company; C & C NORTH AMERICA, INC., a Delaware corporation; CAESARSTONE USA, INC., a California corporation; CAMBRIA COMPANY LLC, a Minnesota corporation; et al.,<br><br>Defendants. | Case No. 23STCV01424<br><br>**FRANCINI, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Judge:   Michael Small<br>Dept.:   57<br><br>Action Filed:   January 23, 2023<br>Trial Date:   Not Set |

Defendant FRANCINI, INC ("Answering Defendant") for itself alone, and severing itself from all others, hereby admits, denies, and alleges the following.

Pursuant to *Code of Civil Procedure* section 431.30, Answering Defendant denies, both generally and specifically, each, every, and all allegations of each and every purported cause of action or count of Plaintiffs' First Amended Complaint ("Complaint"), denying specifically that Plaintiffs have been, is, or will be injured or damaged in the manner or sum alleged, or in any other manner or sums at all.

Answering Defendant herein alleges and sets forth separately and distinctly the following

affirmative defenses to each and every cause of action alleged in Plaintiffs' Complaint as though pleaded separately to each and every cause of action.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Answering Defendant is informed and believes and thereon alleges that each and every cause of action in Plaintiffs' Complaint on file herein fails to state facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Answering Defendant is informed and believes and thereon alleges that each and every cause of action of Plaintiffs' Complaint is barred in whole or in part by the applicable statutes of limitations including, but not limited to, Sections 312, 335.1, 337, 338, 338.1, 339, 340.8, 343, and 366.1 of the Code of Civil Procedure, and Section 2725 of the California Commercial Code and any other subsection of the code, or any other statute of limitation or section which may be deemed applicable to Plaintiffs' claims herein.

### THIRD AFFIRMATIVE DEFENSE

### (Plaintiffs' Negligence)

3. Answering Defendant is informed and believes and thereon alleges that Plaintiffs were careless and negligent and, due to this carelessness and negligence, proximately caused and contributed to the injuries and damages complained of, if any. Accordingly, the pro rata share of fault of Plaintiffs reduces the recovery of damages, if any, by Plaintiffs against Answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Third Party Negligence)

4. Answering Defendant is informed and believes and thereon alleges that the negligence, carelessness and other acts or omissions of other defendants in this lawsuit, as well as other persons and entities not parties to this lawsuit, proximately caused or contributed to Plaintiffs' injuries or damages, if any. The negligence, carelessness and other acts or omissions of the other

1  defendants in this lawsuit and/or other persons and entities not parties to this lawsuit account for all
2  or a portion of the causal or contributory factors relating to Plaintiffs' injuries and damages, if any,
3  and/or constitute supervening and/or intervening causes of Plaintiffs' injuries and damages, if any.
4  Thus, such conduct of said other parties reduces the recovery of damages, if any, by Plaintiffs against
5  Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

8  5.  Answering Defendant is informed and believes and thereon alleges that Plaintiffs are barred from asserting any claim against Answering Defendant by reason of the fact that Plaintiffs impliedly and voluntarily assumed the risk of the matters causing the injuries and damages incurred, if any.

### SIXTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

6.  Answering Defendant is informed and believes and thereon alleges that this action is barred by the doctrine of laches as Plaintiffs unreasonably delayed in the bringing of this action and thereby prejudiced the rights of Answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

7.  Answering Defendant is informed and believes and thereon alleges that, as a result of the acts, conduct and omissions of Plaintiffs, each and every cause of action of Plaintiffs' Complaint has been waived.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8.  Answering Defendant is informed and believes and thereon alleges that Plaintiffs' unreasonable conduct herein taints Plaintiffs with unclean hands as to the incidents complained of by Plaintiffs.

27  / / /
28  / / /

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9. Answering Defendant is informed and believes and thereon alleges that Plaintiffs' Complaint and each cause of action therein is barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10. Answering Defendant is informed and believes and thereon alleges that Plaintiffs failed to take reasonable efforts to mitigate the damages that allegedly were incurred.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Sophisticated Distributor, User, Purchaser, or Intermediary)

11. Answering Defendant is informed and believes and thereon alleges that if Plaintiffs were injured by products manufactured, labeled or sold by Answering Defendant, which is hereby expressly denied, such products were intended for and sold to a knowledgeable and sophisticated distributor, user, purchaser, or intermediary over whom Answering Defendant had no control and who was fully informed as to the risks and dangers, if any, associated with those products and the precautions, if any, required to avoid those risks and dangers.

## TWELFTH AFFIRMATIVE DEFENSE

### (Modification and/or Alteration)

12. Answering Defendant is informed and believes and thereon alleges that Plaintiffs and/or others modified, altered and changed the products, chemicals and compounds referred to in Plaintiffs' Complaint, so that such changes in said products, chemicals and compounds proximately caused the injuries, losses and damages complained of by Plaintiffs, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (State-of-the-Art Defense)

13. Answering Defendant is informed and believes and thereon alleges that any product manufactured, labeled or sold by it as alleged in Plaintiffs' Complaint conformed to all applicable industry standards and met the state-of-the-art existing at the time of the sale.

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Benefits Exceed Risk)

14. Answering Defendant is informed and believes and thereon alleges that, in light of all relevant factors, on balance the benefits of the design of any product(s) alleged to have caused any injuries to Plaintiffs, if any, outweigh the risk and danger, if any, inherent in said design of any said products.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonable and Adequate Labeling)

15. Answering Defendant is informed and believes and thereon alleges that any and all products manufactured, labeled or sold by Answering Defendant were accompanied by good and sufficient labeling when such products left the custody, possession and control of Answering Defendant which gave conspicuous, reasonable and adequate warnings and directions to the users of such products concerning the purpose, manner and precautions with which such products were to be used and concerning the risks and dangers, if any, attendant to said use. Answering Defendant thereby fulfilled its duty, if any, to Plaintiff. If Plaintiffs sustained injuries or damages attributable to the use of any products manufactured, labeled or sold by Answering Defendant, which allegations are expressly denied, then the injuries and damages, if any, were solely caused by and attributable to the unreasonable, unforeseeable and improper use of the products by Plaintiffs and by parties to this action other than Answering Defendant and by other parties not presently parties to this action. The injuries and damages sustained by Plaintiffs, if any, were proximately caused and/or contributed to by the use of the alleged products in disregard of warnings and directions, which use was not reasonably foreseeable to Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unforeseen Susceptibility)

16. Answering Defendant is informed and believes and thereon alleges that if Plaintiffs were injured by products manufactured, labeled or sold by Answering Defendant, which Answering Defendant expressly denies, then Plaintiffs' injuries were proximately caused by allergies, sensitivities, and idiosyncrasies peculiar to Plaintiffs, not found in the general public, and unknown,

1 and unforeseeable to Answering Defendant. Accordingly, such injuries were not reasonably 2 foreseeable to Answering Defendant, and Answering Defendant is not liable for any portion of 3 Plaintiffs' damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

17. Answering Defendant is informed and believes and thereon alleges that if Plaintiffs were injured by any products manufactured, labeled or sold by Answering Defendant, such products bore a label when they left the custody, possession and control of Answering Defendant which was accepted, approved and mandated by and under the laws and regulations of the United States and its duly constituent agencies. By reason thereof, the causes of action alleged in the Complaint are barred under the doctrine of federal preemption, express and implied, because granting the relief prayed for in the Complaint would impermissibly infringe upon and conflict with federal laws, regulations and policy in violation of the Supremacy Clause of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Successor-in-Interest)

18. Answering Defendant is informed and believes and thereon alleges that Answering Defendant denies any and all liability to the extent that Plaintiffs assert Answering Defendant's alleged liability as a successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial owner or member in an entity in which there has been research, study, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of any and all of the products as alleged in Plaintiffs' Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Proportionate Liability)

19. Answering Defendant is informed and believes and thereon alleges that in the event Plaintiffs are entitled to non-economic damages including, but not limited to, pain, suffering,

inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, and/or injury to reputation and humiliation, Answering Defendant shall be liable only for the amount of non-economic damages, if any, allocated to Answering Defendant's percentage of fault, and a separate judgment shall be rendered against Answering Defendant for that amount pursuant to Civil Code Section 1431.2.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Agency)

20. Answering Defendant is informed and believes and thereon alleges that it was not the agent of any other defendant with respect to any of the acts alleged in Plaintiffs' Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Defective Condition)

21. Answering Defendant is informed and believes and thereon alleges that if Plaintiffs were injured by any product manufactured, labeled or sold by Answering Defendant, such product was not in a defective condition when it left Answering Defendant's possession, custody and control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Causes Beyond Answering Defendant's Control)

22. Answering Defendant is informed and believes and thereon alleges that any foreseeable and unreasonable risk of personal injury or death that is the subject of this litigation was a risk which Answering Defendant did not create and/or could not reduce or eliminate.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Warranties)

23. Answering Defendant is informed and believes and thereon alleges that it issued no warranties, whether express or implied, to Plaintiffs in this action, or to any other entity in this action, and that any breach of warranty alleged by the Plaintiffs or any other party in this action was caused or contributed to by the acts and omissions of third parties other than Answering Defendant.

/ / /

/ / /

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Conditions of Warranty)

24. Plaintiffs are barred from asserting any claims based on breach of warranty against this Answering Defendant by reason of Plaintiffs' failure to fulfill the conditions of warranties alleged in Plaintiffs' Complaint in the event such alleged warranties are proven at trial including, but not limited to, Plaintiffs' failure to notify Answering Defendant of any alleged breach of warranty within a reasonable time after discovery of any alleged defect, thereby precluding this Answering Defendant from being able to fully investigate and defend Plaintiffs' allegations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Excessive Medical Treatment)

25. Answering Defendant is informed and believes and thereon alleges that the medical treatment allegedly procured by Plaintiffs were unreasonable, not medically necessary, and/or not the proximate result of the alleged incident; further, the medical billing is excessive and does not comport with reasonable medical billing procedures in the State of California.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

26. Answering Defendant is informed and believes and thereon alleges that any losses or damages, allegedly caused by Answering Defendant and sustained by Plaintiffs are *de minimis*, remote, speculative, or transient, and hence, not cognizable by law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

27. Answering Defendant is informed and believes and thereon alleges that the alleged potential liability of defendants resulted from Plaintiffs or others' failure to exercise reasonable and ordinary care, caution or vigilance for which Answering Defendant is not legally liable or responsible.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Duty)

28. Answering Defendant is informed and believes and thereon alleges that Plaintiffs'

-8-

FRANCINI, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1  Complaint and each and every cause of action is barred because Answering Defendant did not owe
2  a duty of care to Plaintiffs or to a class of persons like them.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Doctrine of Release)

5  29. Answering Defendant is informed and believes and thereon alleges that the
6  Complaint and each cause of action therein is barred by the doctrine of release.

### THIRTIETH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

9  30. Answering Defendant is informed and believes and thereon alleges that the acts and
10 omissions of Answering Defendant alleged in Plaintiffs' claims for relief were not a proximate cause
11 of the loss or damage for which Plaintiffs seek recovery.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Duty to Warn)

14 31. Answering Defendant alleges that Plaintiffs' training and experience rendered him a
15 sophisticated user so that Answering Defendant had no duty to warn of the obvious dangers about
16 which Plaintiffs knew or should have known.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Setoffs)

19 32. Answering Defendant is informed and believes and thereon alleges that it is entitled
20 to a setoff from the settlements of any settling party and is further entitled to a setoff to the extent
21 of any judgment entered against other parties in favor of Plaintiffs.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (No Privity)

24 33. Answering Defendant is informed and believes and thereon alleges that any and all
25 causes of action for breach of warranty are barred because there is no privity of contract between
26 Answering Defendant and Plaintiffs, because Plaintiffs failed to give timely notice of any claim for
27 breach of warranty, and because Plaintiffs did not reasonably rely on the claim of warranty.
28 / / /

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Obvious Danger)

34. Answering Defendant is informed and believes and thereon alleges that if there were defects in the products purportedly sold by Answering Defendant as alleged in Plaintiffs' Complaint, which Answering Defendant denies, such defects were patent and the danger of Plaintiffs using the products in the allegedly defective condition was obvious. Plaintiffs knew that the products were defective and that to use the products in that condition would expose Plaintiffs to the risk of the very injuries of which Plaintiffs' complain. This use was negligent, and that negligence was a cause of any injuries, and Plaintiffs thereby incurred the risk of injury by knowingly encountering the risk of injury caused by the defective product.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (No Reasonable Reliance)

35. Answering Defendant is informed and believes and thereon alleges that Plaintiffs did not reasonably rely on any act, omission, or representation of Answering Defendant, if any.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Frivolous Action)

36. Answering Defendant is informed and believes and thereon alleges that Plaintiffs' action was not brought in good faith and is frivolous. As a result, Answering Defendant, pursuant to Code of Civil Procedure Section 128.7 *et seq.*, is entitled to and will seek reasonable expenses including attorneys' fees in defending this action.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Inspect)

37. Answering Defendant is informed and believes and thereon alleges that Plaintiffs, persons, or entities other than Answering Defendant failed to inspect the products identified in the Complaint prior to their use.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Not Unreasonably Dangerous)

38. Answering Defendant is informed and believes and thereon alleges that if Plaintiffs

were injured by any products manufactured, labeled or sold by Answering Defendant, such products were not unreasonably dangerous.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Consent)

39. Answering Defendant is informed and believes and thereon alleges that Plaintiffs consented to all alleged conduct of Answering Defendant or its agents.

### FORTIETH AFFIRMATIVE DEFENSE

### (Insignificant Exposure)

40. Answering Defendant is informed and believes and thereon alleges that Plaintiffs' exposure, if any, to the product alleged to have been manufactured or distributed by Answering Defendant was so minimal as to be insignificant and insufficient to establish a reasonable degree of probability that said product caused any alleged injury, damage, or loss to Plaintiffs.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Concealment)

41. Answering Defendant is informed and believes and thereon alleges that Answering Defendant did not suppress or otherwise conceal any facts regarding the products alleged in the Complaint which it was bound to disclose, or provide misleading information with an intent to deceive Plaintiffs and/or other persons or parties, which resulted in any injuries or damages to Plaintiffs, as alleged in Plaintiffs' Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Malice, Oppression or Fraud)

42. Answering Defendant is informed and believes and thereon alleges that Plaintiffs' Complaint and each and every cause of action fails to state facts sufficient to constitute a cause or causes of action for punitive damages against Answering Defendant pursuant to Civil Code Section 3294.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (Constitutional Violation)

43. Answering Defendant is informed and believes and thereon alleges that insofar as

the Complaint is an attempt to recover punitive or exemplary damages from Answering Defendant, it violates the following United States Constitutional and California State Constitutional principles:

    a. Excessive fines clause of the United States Constitution, Eighth Amendment and Fourteenth Amendment;

    b. The contract clause, Article I, Section 10, clause 1, and the Fourteenth Amendment of the United States Constitution;

    c. The due process clause of the United States Constitution, Fourteenth Amendment;

    d. The equal protection clause of the United States Constitution;

    e. The California Constitution due process and equal protection clauses, Article 1, Section 7(a); and

    f. The California Constitution excessive fines clause, Article 1, Section 17.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Pre-Existing Condition)**

44. Any injuries or damages allegedly sustained by Plaintiffs were caused, in whole or in part, by pre-existing physical, mental, emotional, and/or psychological conditions of Plaintiffs for which this Answering Defendant has no legal responsibility or liability.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Workers Compensation)**

45. As a separate and additional defense, under Labor Code Sections 3603, et seq., and the doctrine of *Witt v. Jackson* (1961) 57 Ca1.2d 57, Plaintiffs' right to recover damages, if any, is reduced by any payments made in connection with the matters alleged in the Complaint received by Plaintiffs under the California Workers' Compensation laws.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

46. Answering Defendant is informed and believes and thereon alleges that it cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses

are applicable, is hereby reserved.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Right of Apportionment)

47. This answering Defendant is informed and believes, and thereon alleges that parties both served and unserved, named and unnamed, and Plaintiffs, are in some manner or percentage responsible for Plaintiffs' injuries or non-economic damages, if any, and this answering Defendant requires an order from the trier of fact setting forth separate judgments, against each and every party, named and unnamed, served and unserved, and Plaintiffs, for the amount of all non-economic damages that may be recovered by Plaintiffs in direct proportion to the percentage of fault of each party, named and unnamed, served and unserved, and Plaintiffs, pursuant to California Civil Code Section 1431.2).

### PRAYER

WHEREFORE, Answering Defendant hereby prays for judgment as follows:

1. That Plaintiffs take nothing from Answering Defendant by virtue of the Complaint herein;

2. That Answering Defendant be awarded costs of suit and attorneys' fees herein; and

3. That Answering Defendant be granted such other and further relief as the Court may deem just and proper.

Dated:  November 28, 2023        WFBM, LLP

By: _____
DEIDRE COHEN KATZ
SADAF A. NEJAT
RAQUEL HOWARD
Attorneys for Defendant FRANCINI, INC.

# PROOF OF SERVICE

*Fernando Bustos-Mondragon, et al. v. Antolini Luigi & CSPA, et al.*
**Los Angeles Superior Court, Case No. 23STCV01424**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 255 California Street, Suite 525, San Francisco, CA 94111-4928.

On November 28, 2023, I served true copies of the following document(s) described as **FRANCINI, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:** I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 28, 2023, at San Francisco, California.

_____
Melissa Stern

-14-
FRANCINI, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**SERVICE LIST**
*Fernando Bustos-Mondragon, et al. v. Antolini Luigi & CSPA, et al.*
*Los Angeles Superior Court, Case No. 23STCV01424*
Our Clients: Francini, Inc. and Parsoda U.S.A. Inc. dba Pacifica Wholesale Tile and Stone

| | |
|---|---|
| Raphael Metzger, Esq.<br>Scott P. Brust, Esq.<br>**METZGER LAW GROUP**<br>**A PROFESSIONAL LAW CORPORATION**<br>555 E. Ocean Blvd., Suite 800<br>Long Beach, California 90802<br>Tel.: (562) 437-4499<br>Fax: (562) 436-1561<br>rmetzger@toxictorts.com<br>sbrust@toxictorts.com<br>ltorres@toxictorts.com<br>*Attorneys for Plaintiffs Fernando Bustos-Mondragon and Veronica De La Cruz* | Alan R. Brayton, Esq.<br>James P. Nevin, Esq.<br>Andrew Chew, Esq.<br>Gilbert L. Purcell, Esq.<br>**BRAYTON PURCELL LLP**<br>222 Rush Landing Rd.<br>Novato, California 94945-2469<br>Tel.: (415) 898-1555<br>Fax: (415) 898-1247<br>abrayton@braytonlaw.com<br>jnevin@braytonlaw.com<br>achew@braytonlaw.com<br>gpurcell@braytonlaw.com<br>mail@braytonlaw.com<br>*Co-Counsel for Plaintiffs Fernando Bustos-Mondragon and Veronica De La Cruz* |
| Roger M. Mansukhani, Esq.<br>J. Todd Konold, Esq.<br>Lisa G. Taylor, Esq.<br>**GORDON REES SCULLY MANSUKHANI, LLP**<br>101 W. Broadway, Suite 2000<br>San Diego, California 92101<br>Tel.: (619) 696-6700<br>Fax: (619) 696-7124<br>rmansukhani@grsm.com<br>tkonold@grsm.com<br>ltaylor@grsm.com<br>crogers@grsm.com<br>*Attorneys for Defendant M S International Inc.* | Joshua W. Praw, Esq.<br>**MURCHISON & CUMMING, LLP**<br>801 S. Grand Ave., 9th Floor<br>Los Angeles, California 90017-4613<br>Tel.: (213) 623-7400<br>Fax: (213) 623-6336<br>jpraw@murchisonlaw.com<br>*Attorneys for Defendant Jacobe Enterprises, Inc.* |
| Patrick J. Foley, Esq.<br>Rod Cappy, Esq.<br>Marla T. Almazan, Esq.<br>**LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>633 W. 5th Ste., Suite 4000<br>Los Angeles, California 90071<br>Tel.: (213) 250-1800<br>Fax: (213) 250-7900<br>patrick.foley@lewisbrisbois.com<br>rod.cappy@lewisbrisbois.com<br>marla.almazan@lewisbrisbois.com<br>*Attorney for Defendant C&C North America, Inc.* | Dennis M. Baier, Esq.<br>Rudolf Petrosyan, Esq.<br>Janessa B. Chun, Esq.<br>**WOOD, SMITH, HENNING & BERMAN LLP**<br>505 N. Brand Blvd., Suite 1100<br>Glendale, California 91203<br>Tel.: (818) 551-6000<br>dbaier@wshblaw.com<br>rpetrosyan@wshblaw.com<br>jchun@wshblaw.com<br>*Attorneys for Defendant Walker & Zanger, LLC* |

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

63554283.1
5597-3.6571

| | | |
|---|---|---|
| 1 | David R. Scheidemantle, Esq.<br>Adam D. Wieder, Esq. | Marc S. Feldman, Esq.<br>Pardis Akhavan, Esq. |
| 2 | **SCHEIDEMANTLE LAW GROUP P.C.** | **KOLETSKY, MANCINI, FELDMAN & MORROW** |
| 3 | 35 E. Union St., Suite F<br>Pasadena, California 91103 | 3460 Wilshire Blvd., 8th Floor<br>Los Angeles, California 90010 |
| 4 | Tel.: (626) 660-4434<br>Fax: (800) 616-4410 | Tel.: (213) 427 2350 |
| 5 | david@scheidemantle-law.com<br>adam@scheidemantle-law.com | msf@kmfm.com<br>pakhavan@kmfm.com |
| 6 | *Attorneys for **Defendant Walker & Zanger, LLC*** | *Attorneys for **Defendant Qiu & C. Corp. dba T & L Granite Countertop Warehouse*** |
| 7 | Deanne L. Miller, Esq.<br>Yardena R. Zwang-Weissman, Esq. | Jeffrey A. Dollinger, Esq.<br>Caitlin R. Zapf, Esq. |
| 8 | **MORGAN, LEWIS & BOCKIUS LLP** | **WOOLS PEER DOLLINGER & SCHER** |
| 9 | 300 South Grand Ave., Twenty-Second Floor<br>Los Angeles, CA 90071-3132 | 12401 Wilshire Blvd., Second Floor<br>Los Angeles, CA 90025-1089 |
| 10 | Tel: (213) 612-2500<br>Fax: (213) 612-2501 | Tel: (213) 629-1600<br>Fax: (213) 629-1660 |
| 11 | deanne.miller@morganlewis.com<br>yardena.zwang-weissman@morganlewis.com | jdollinger@wpdslaw.com<br>czapf@wpdslaw.com |
| 12 | *Attorneys for **Defendant E.I. Du Pont De Nemours and Company (now known as EIDP, Inc.)*** | *Attorneys for **Defendant Arizona Tile, LLC*** |

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

63554283.1
5597-3.6571

-16-
FRANCINI, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT