DEIDRE COHEN KATZ, State Bar No. 166261
dkatz@wfbm.com
SADAF A. NEJAT, State Bar No. 280973
snejat@wfbm.com
WFBM, LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone:    (714) 634-2522
Facsimile:    (714) 634-0686

Attorneys for Defendant FRANCINI, INC.

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/17/2024 4:45 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Marks, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DENNYS RENE RIVAS-WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>A & A GRANITE MARBLE, a business entity; A PLUS TILE AND STONE, a business entity; ACE STONE FABRICATORS, INC., a California corporation; AKG TRADING (USA), INC., a California corporation; ALEXANDER STONE, INC., a Maryland corporation; ALPHA MARBLE AND GRANITE, a business entity; et al.<br>,<br><br>Defendants. | Case No. 23STCV08523<br><br>**DEFENDANT FRANCINI, INC.'S ANSWER TO PLAINTIFF DENNYS RENE RIVAS-WILLIAMS' FIRST AMENDED COMPLAINT**<br><br>Judge:   Hon. Timothy Patrick Dillon<br>Dept.:   73<br><br>Action Filed:    April 17, 2023<br>Trial Date:      Not Set |

Defendant FRANCINI, INC. ("Answering Defendant") for itself alone, and severing itself from all others, hereby admits, denies, and alleges the following:

Pursuant to Code of Civil Procedure section 431.30, Answering Defendant denies, both generally and specifically, each, every, and all allegations of each and every purported cause of action or count of Plaintiff DENNYS RENE RIVAS-WILLIAMS' ("Plaintiff") First Amended Complaint ("Complaint"), denying specifically that Plaintiff has been, is, or will be injured or damaged in the manner or sum alleged, or in any other manner or sums at all.

Answering Defendant herein alleges and sets forth separately and distinctly the following

affirmative defenses to each and every cause of action alleged in Plaintiff's Complaint as though pleaded separately to each and every cause of action:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Answering Defendant is informed and believes and thereon alleges that each and every cause of action in Plaintiff's Complaint on file herein fails to state facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Answering Defendant is informed and believes and thereon alleges that each and every cause of action of Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitations including, but not limited to, Sections 312, 335.1, 337, 338, 338.1, 339, 340.8, 343, and 366.1 of the Code of Civil Procedure, and Section 2725 of the California Commercial Code and any other subsection of the code, or any other statute of limitation or section which may be deemed applicable to Plaintiff's claims herein.

## THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Negligence)

3. Answering Defendant is informed and believes and thereon alleges that Plaintiff was careless and negligent and, due to this carelessness and negligence, proximately caused and contributed to the injuries and damages complained of, if any. Accordingly, the pro rata share of fault of Plaintiff reduces the recovery of damages, if any, by Plaintiff against Answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Third Party Negligence)

4. Answering Defendant is informed and believes and thereon alleges that the negligence, carelessness and other acts or omissions of other defendants in this lawsuit, as well as other persons and entities not parties to this lawsuit, proximately caused or contributed to Plaintiff's injuries or damages, if any. The negligence, carelessness and other acts or omissions of the other defendants in this lawsuit and/or other persons and entities not parties to this lawsuit account for all

-2-

1 or a portion of the causal or contributory factors relating to Plaintiff's injuries and damages, if any, and/or constitute supervening and/or intervening causes of Plaintiff's injuries and damages, if any. Thus, such conduct of said other parties reduces the recovery of damages, if any, by Plaintiff against Answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

5. Answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from asserting any claim against Answering Defendant by reason of the fact that Plaintiff impliedly and voluntarily assumed the risk of the matters causing the injuries and damages incurred, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

6. Answering Defendant is informed and believes and thereon alleges that this action is barred by the doctrine of laches as Plaintiff unreasonably delayed in the bringing of this action and thereby prejudiced the rights of Answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. Answering Defendant is informed and believes and thereon alleges that, as a result of the acts, conduct and omissions of Plaintiff, each and every cause of action of Plaintiff's Complaint has been waived.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hand)

8. Answering Defendant is informed and believes and thereon alleges that Plaintiff's unreasonable conduct herein taints Plaintiff with unclean hands as to the incidents complained of by Plaintiff.

///

### NINTH AFFIRMATIVE DEFENSE

#### (Estoppel)

9. Answering Defendant is informed and believes and thereon alleges that Plaintiff's Complaint and each cause of action therein is barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

10. Answering Defendant is informed and believes and thereon alleges that Plaintiff failed to take reasonable efforts to mitigate the damages that allegedly were incurred.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Sophisticated Distributor, User, Purchaser, or Intermediary)

11. Answering Defendant is informed and believes and thereon alleges that if Plaintiff was injured by products manufactured, labeled or sold by Answering Defendant, which is hereby expressly denied, such products were intended for and sold to a knowledgeable and sophisticated distributor, user, purchaser, or intermediary over whom Answering Defendant had no control and who was fully informed as to the risks and dangers, if any, associated with those products and the precautions, if any, required to avoid those risks and dangers.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Modification and/or Alteration)

12. Answering Defendant is informed and believes and thereon alleges that Plaintiff and/or others modified, altered and changed the products, chemicals and compounds referred to in Plaintiff's Complaint, so that such changes in said products, chemicals and compounds proximately caused the injuries, losses and damages complained of by Plaintiff, if any. Answering Defendant is informed and believes and thereon alleges that Plaintiff and/or others modified, altered and changed the products, chemicals and compounds referred to in Plaintiff's Complaint, so that such changes in said products, chemicals and compounds proximately caused the injuries, losses and damages complained of by Plaintiff, if any.

/ / /

### THIRTEENTH AFFIRMATIVE DEFENSE

### (State-of-the-Art Defense)

13. Answering Defendant is informed and believes and thereon alleges that any product manufactured, labeled or sold by it as alleged in Plaintiff's Complaint conformed to all applicable industry standards and met the state-of-the-art existing at the time of the sale.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Benefits Exceed Risk)

14. Answering Defendant is informed and believes and thereon alleges that, in light of all relevant factors, on balance the benefits of the design of any product(s) alleged to have caused any injuries to Plaintiff, if any, outweigh the risk and danger, if any, inherent in said design of any said products.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonable and Adequate Labeling)

15. Answering Defendant is informed and believes and thereon alleges that any and all products manufactured, labeled or sold by Answering Defendant were accompanied by good and sufficient labeling when such products left the custody, possession and control of Answering Defendant which gave conspicuous, reasonable and adequate warnings and directions to the users of such products concerning the purpose, manner and precautions with which such products were to be used and concerning the risks and dangers, if any, attendant to said use. Answering Defendant thereby fulfilled its duty, if any, to Plaintiff. If Plaintiff sustained injuries or damages attributable to the use of any products manufactured, labeled or sold by Answering Defendant, which allegations are expressly denied, then the injuries and damages, if any, were solely caused by and attributable to the unreasonable, unforeseeable and improper use of the products by Plaintiff and by parties to this action other than Answering Defendant and by other parties not presently parties to this action. The injuries and damages sustained by Plaintiff, if any, were proximately caused and/or contributed to by the use of the alleged products in disregard of warnings and directions, which use was not reasonably foreseeable to Answering Defendant.

///

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Unforeseen Susceptibility)**

16. Answering Defendant is informed and believes and thereon alleges that if Plaintiff was injured by products manufactured, labeled or sold by Answering Defendant, which Answering Defendant expressly denies, then Plaintiff's injuries were proximately caused by allergies, sensitivities, and idiosyncrasies peculiar to Plaintiff, not found in the general public, and unknown, and unforeseeable to Answering Defendant. Accordingly, such injuries were not reasonably foreseeable to Answering Defendant, and Answering Defendant is not liable for any portion of Plaintiff's damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

17. Answering Defendant is informed and believes and thereon alleges that if Plaintiff was injured by any products manufactured, labeled or sold by Answering Defendant, such products bore a label when they left the custody, possession and control of Answering Defendant which was accepted, approved and mandated by and under the laws and regulations of the United States and its duly constituent agencies. By reason thereof, the causes of action alleged in the Complaint are barred under the doctrine of federal preemption, express and implied, because granting the relief prayed for in the Complaint would impermissibly infringe upon and conflict with federal laws, regulations and policy in violation of the Supremacy Clause of the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Successor-in-Interest)**

18. Answering Defendant is informed and believes and thereon alleges that Answering Defendant denies any and all liability to the extent that Plaintiff asserts Answering Defendant's alleged liability as a successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial owner or member in an entity in which there has been research, study, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing,

-6-

contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of any and all of the products as alleged in Plaintiff's Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Proportionate Liability)

19. Answering Defendant is informed and believes and thereon alleges that in the event Plaintiff is entitled to non-economic damages including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, and/or injury to reputation and humiliation, Answering Defendant shall be liable only for the amount of non-economic damages, if any, allocated to Answering Defendant's percentage of fault, and a separate judgment shall be rendered against Answering Defendant for that amount pursuant to Civil Code Section 1431.2.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Agency)

20. Answering Defendant is informed and believes and thereon alleges that it was not the agent of any other defendant with respect to any of the acts alleged in Plaintiff's Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Defective Condition)

21. Answering Defendant is informed and believes and thereon alleges that if Plaintiff was injured by any product manufactured, labeled or sold by Answering Defendant, such product was not in a defective condition when it left Answering Defendant's possession, custody and control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Causes Beyond Answering Defendant's Control)

22. Answering Defendant is informed and believes and thereon alleges that any foreseeable and unreasonable risk of personal injury or death that is the subject of this litigation was a risk which Answering Defendant did not create and/or could not reduce or eliminate.

/ / /

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Warranties)

23. Answering Defendant is informed and believes and thereon alleges that it issued no warranties, whether express or implied, to Plaintiff in this action, or to any other entity in this action, and that any breach of warranty alleged by the Plaintiff or any other party in this action was caused or contributed to by the acts and omissions of third parties other than Answering Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Conditions of Warranty)

24. Plaintiff is barred from asserting any claims based on breach of warranty against this Answering Defendant by reason of Plaintiff's failure to fulfill the conditions of warranties alleged in Plaintiff's Complaint in the event such alleged warranties are proven at trial including, but not limited to, Plaintiff's failure to notify Answering Defendant of any alleged breach of warranty within a reasonable time after discovery of any alleged defect, thereby precluding this Answering Defendant from being able to fully investigate and defend Plaintiff's allegations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Excessive Medical Treatment)

25. Answering Defendant is informed and believes and thereon alleges that the medical treatment allegedly procured by Plaintiff was unreasonable, not medically necessary, and/or not the proximate result of the alleged incident; further, the medical billing is excessive and does not comport with reasonable medical billing procedures in the State of California.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

26. Answering Defendant is informed and believes and thereon alleges that any losses or damages, allegedly caused by Answering Defendant and sustained by Plaintiff are de minimis, remote, speculative, or transient, and hence, not cognizable by law.

///

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

27. Answering Defendant is informed and believes and thereon alleges that the alleged potential liability of defendants resulted from Plaintiff's or others' failure to exercise reasonable and ordinary care, caution or vigilance for which Answering Defendant is not legally liable or responsible.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Duty)

28. Answering Defendant is informed and believes and thereon alleges that Plaintiff's Complaint and each and every cause of action is barred because Answering Defendant did not owe a duty of care to Plaintiff or to a class of persons like them.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Doctrine of Release)

29. Answering Defendant is informed and believes and thereon alleges that the Complaint and each cause of action therein is barred by the doctrine of release.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

30. Answering Defendant is informed and believes and thereon alleges that the acts and omissions of Answering Defendant alleged in Plaintiff's claims for relief were not a proximate cause of the loss or damage for which Plaintiff seeks recovery.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Duty to Warn)

31. Answering Defendant alleges that Plaintiff's training and experience rendered him a sophisticated user so that Answering Defendant had no duty to warn of the obvious dangers about which Plaintiff knew or should have known.

/ / /

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Setoffs)

32. Answering Defendant is informed and believes and thereon alleges that it is entitled to a setoff from the settlements of any settling party and is further entitled to a setoff to the extent of any judgment entered against other parties in favor of Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Privity)

33. Answering Defendant is informed and believes and thereon alleges that any and all causes of action for breach of warranty are barred because there is no privity of contract between Answering Defendant and Plaintiff, because Plaintiff failed to give timely notice of any claim for breach of warranty, and because Plaintiff did not reasonably rely on the claim of warranty.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Obvious Danger)

34. Answering Defendant is informed and believes and thereon alleges that if there were defects in the products purportedly sold by Answering Defendant as alleged in Plaintiff's Complaint, which Answering Defendant denies, such defects were patent and the danger of Plaintiff using the products in the allegedly defective condition was obvious. Plaintiff knew that the products were defective and that to use the products in that condition would expose Plaintiff to the risk of the very injuries of which Plaintiff complains. This use was negligent, and that negligence was a cause of any injuries, and Plaintiff thereby incurred the risk of injury by knowingly encountering the risk of injury caused by the defective product.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Reasonable Reliance)

35. Answering Defendant is informed and believes and thereon alleges that Plaintiff did not reasonably rely on any act, omission, or representation of Answering Defendant, if any.

///

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

36. Answering Defendant is informed and believes and thereon alleges that Plaintiff's action was not brought in good faith and is frivolous. As a result, Answering Defendant, pursuant to Code of Civil Procedure Section 128.7 *et seq.*, is entitled to and will seek reasonable expenses including attorneys' fees in defending this action.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Inspect)

37. Answering Defendant is informed and believes and thereon alleges that Plaintiff, persons, or entities other than Answering Defendant failed to inspect the products identified in the Complaint prior to their use.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Not Unreasonably Dangerous)

38. Answering Defendant is informed and believes and thereon alleges that if Plaintiff was injured by any products manufactured, labeled or sold by Answering Defendant, such products were not unreasonably dangerous.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Consent)

39. Answering Defendant is informed and believes and thereon alleges that Plaintiff consented to all alleged conduct of Answering Defendant or its agents.

## FORTIETH AFFIRMATIVE DEFENSE

### (Insignificant Exposure)

40. Answering Defendant is informed and believes and thereon alleges that Plaintiff's exposure, if any, to the product alleged to have been manufactured or distributed by Answering Defendant was so minimal as to be insignificant and insufficient to establish a reasonable degree of probability that said product caused any alleged injury, damage, or loss to Plaintiff.

/ / /

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Concealment)

41. Answering Defendant is informed and believes and thereon alleges that Answering Defendant did not suppress or otherwise conceal any facts regarding the products alleged in the Complaint which it was bound to disclose, or provide misleading information with an intent to deceive Plaintiff and/or other persons or parties, which resulted in any injuries or damages to Plaintiff, as alleged in Plaintiff's Complaint.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Malice, Oppression or Fraud)

42. Answering Defendant is informed and believes and thereon alleges that Plaintiff's Complaint and each and every cause of action fails to state facts sufficient to constitute a cause or causes of action for punitive damages against Answering Defendant pursuant to Civil Code Section 3294.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Constitutional Violation)

43. Answering Defendant is informed and believes and thereon alleges that insofar as the Complaint is an attempt to recover punitive or exemplary damages from Answering Defendant, it violates the following United States Constitutional and California State Constitutional principles:

    a. Excessive fines clause of the United States Constitution, Eighth Amendment and Fourteenth Amendment;

    b. The contract clause, Article I, Section 10, clause 1, and the Fourteenth Amendment of the United States Constitution;

    c. The due process clause of the United States Constitution, Fourteenth Amendment;

    d. The equal protection clause of the United States Constitution;

    e. The California Constitution due process and equal protection clauses, Article 1, Section 7(a); and

f. The California Constitution excessive fines clause, Article 1, Section 17.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

44. Any injuries or damages allegedly sustained by Plaintiff were caused, in whole or in part, by pre-existing physical, mental, emotional, and/or psychological conditions of Plaintiff for which this Answering Defendant has no legal responsibility or liability.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

45. Answering Defendant is informed and believes and thereon alleges that it cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, Answering Defendant hereby prays for judgment as follows:

1. That Plaintiff takes nothing from Answering Defendant by virtue of the Complaint herein;

2. That Answering Defendant be awarded costs of suit and attorneys' fees herein; and

3. That Answering Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: January 17, 2024     WFBM, LLP

By: _____
DEIDRE COHEN KATZ
SADAF A. NEJAT
Attorneys for Defendant FRANCINI, INC.

# PROOF OF SERVICE

*Dennys Rene Rivas-Williams v. A & A Granite Marble, et al.*
**Los Angeles Superior Court, Case No. 23STCV08523**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 255 California Street, Suite 525, San Francisco, CA 94111-4928.

On January 17, 2024, I served true copies of the following document(s) described as **DEFENDANT FRANCINI, INC.'S ANSWER TO PLAINTIFF DENNYS RENE RIVAS-WILLIAMS' FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY ELECTRONIC SERVICE:** I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2024, at San Francisco, California.

Melissa Stern

-14-

DEFENDANT FRANCINI, INC.'S ANSWER TO PLAINTIFF DENNYS RENE RIVAS-WILLIAMS' FIRST AMENDED COMPLAINT

**SERVICE LIST**
*Dennys Rene Rivas-Williams v. A & A Granite Marble, et al.*
*Los Angeles Superior Court, Case No. 23STCV08523*
*Our Clients: Lyons Marble, Inc.; Parsoda USA, Inc. and Francini, Inc.*

| | |
|---|---|
| Raphael Metzger, Esq.<br>Scott P. Brust, Esq.<br>**METZGER LAW GROUP**<br>**A PROFESSIONAL LAW CORPORATION**<br>555 E. Ocean Blvd., Suite 800<br>Long Beach, California 90802<br>Tel.: (562) 437-4499<br>Fax: (562) 436-1561<br>rmetzger@toxictorts.com<br>sbrust@toxictorts.com<br>ltorres@toxictorts.com<br>*Attorneys for Plaintiff Dennys Rene Riva-Williams* | Alan R. Brayton, Esq.<br>James P. Nevin, Esq.<br>Andrew Chew, Esq.<br>Gilbert L. Purcell, Esq.<br>**BRAYTON PURCELL LLP**<br>222 Rush Landing Rd.<br>Novato, California 94945-2469<br>Tel.: (415) 898-1555<br>Fax: (415) 898-1247<br>abrayton@braytonlaw.com<br>nevin@braytonlaw.com<br>achew@braytonlaw.com<br>gpurcell@braytonlaw.com<br>mail@braytonlaw.com<br>reception@braytonlaw.com<br>*Co-Counsel for Plaintiff Dennys Rene Rivas-Williams* |
| Dennis M. Baier, Esq.<br>Rudolf Petrosyan, Esq.<br>Janessa B. Chum, Esq.<br>**WOOD, SMITH, HENNING & BERMAN LLP**<br>505 North Brand Boulevard, Suite 1100<br>Glendale, California 91203<br>Tel.: (818) 551-6000<br>Fax: (818) 551-6050<br>dbaier@wshblaw.com<br>rpetrosyan@wshblaw.com<br>jchun@wshblaw.com<br>mrubio@wshblaw.com<br>mortiz@wshblaw.com<br>*Attorneys for Defendant Walker & Zanger, LLC (erroneously sued as Walker Zanger, Inc.)* | David R. Scheidemantle, Esq.<br>Adam D. Wieder, Esq.<br>**SCHEIDEMANTLE LAW GROUP P.C.**<br>35 East Union Street, Suite F<br>Pasadena, California 91103<br>Tel.: (626) 660-4434<br>Fax: (800) 616-4410<br>david@scheidemantle-law.com<br>adam@scheidemantle-law.com<br>*Attorneys for Defendant Walker & Zanger, LLC (erroneously sued as Walker Zanger, Inc.)* |

-15-

DEFENDANT FRANCINI, INC.'S ANSWER TO PLAINTIFF DENNYS RENE RIVAS-WILLIAMS' FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| 1 | Patrick J. Foley, Esq. | Rey S. Yang, Esq. |
|   | Rod Cappy, Esq. | Andrew Cho, Esq. |
| 2 | Marla T. Almazan, Esq. | Gregory Kim, Esq. |
|   | Karen Stepanyan, Esq. | **YANG PROFESSIONAL LAW** |
| 3 | **LEWIS BRISBOIS BISGAARD & SMITH LLP** | **CORPORATION** |
|   |   | 80 S. Lake Ave., Suite 720 |
| 4 | 633 W. 5th St., Suite 4000 | Pasadena, California 91101 |
|   | Los Angeles, California 90071 | Tel.: (626) 921-4300 |
| 5 | Tel.: (213) 250-1800 | ryang@yangpc.com |
|   | Fax: 213-250-7900 | acho@yangpc.com |
| 6 | Patrick.Foley@lewisbrisbois.com | gkim@yangpc.com |
|   | Rod.Cappy@lewisbrisbois.com | *Attorneys for **Defendant Gem International,*** |
| 7 | Marla.Almazan@lewisbrisbois.com | ***Inc.*** |
|   | Tisha.Diaz@lewisbrisbois.com | |
| 8 | Karen.Stepanyan@lewisbrisbois.com | |
|   | Elsie.Valdez@lewisbrisbois.com | |
| 9 | David.Uchida@lewisbrisbois.com | |
|   | *Attorneys for **Defendant C&C North*** | |
| 10 | ***American, Inc.*** | |
| 11 | Eric M. George, Esq. | Michael R. Halvorsen, Esq. |
|   | Noah S. Helpern, Esq. | Howard P. Brody, Esq. |
| 12 | M. Cris Armenta, Esq. | Vivian Zambrano, Esq. |
|   | Hakob J. Mesropian, Esq. | **PHILLIPS, SPALLAS & ANGSTADT LLP** |
| 13 | **ELLIS GEORGE CIPOLLONE O'BRIEN LLP** | 11150 W. Olympic Blvd. Suite 670 |
|   |   | Los Angeles, California 90064-1839 |
| 14 | 2121 Avenue of the Stars, 30th Floor | Tel.: (310) 407-3017 |
|   | Los Angeles, California 90067 | Fax: (310) 772-0023 |
| 15 | Tel.: (310) 274-7100 | mhalvorsen@psalaw.net |
|   | Fax: (310) 275-5697 | hbrody@psalaw.net |
| 16 | egeorge@egcfirm.com | vzambrano@psalaw.net |
|   | nhelpern@egcfirm.com | agreen@psalaw.net |
| 17 | carmenta@egcfirm.com | *Attorneys for **Defendant Stoneville USA, Inc.*** |
|   | hmesropian@egcfirm.com | |
| 18 | mmanion@egcfirm.com | |
|   | rgoodwin@egcfirm.com | |
| 19 | *Attorneys for **Defendant Cambria Company, LLC*** | |
| 20 | | |
|   | Todd Konold, Esq. | Daniel S. Rodman, Esq. |
| 21 | Lisa Taylor, Esq. | Chariese R. Solorio, Esq. |
|   | Coral Rogers, Esq. | **SNELL & WILMER, L.L.P.** |
| 22 | **GORDON REES SCULLY MANSUKHANI, LLP** | 600 Anton Blvd., Suite 1400 |
|   |   | Costa Mesa, California 92626-7689 |
| 23 | 101 W. Broadway, Suite 2000 | Tel.: (714) 427-7000 |
|   | San Diego, California 92101 | Fax: (714) 427-7799 |
| 24 | Tel.: (619) 230-7408 | drodman@swlaw.com |
|   | tkonold@grsm.com | csolorio@swlaw.com |
| 25 | ltaylor@grsm.com | ksumner@swlaw.com |
|   | crogers@grsm.com | aserhal@swlaw.com |
| 26 | *Attorneys for **Defendant M S International,*** | lmishler@swlaw.com |
|   | ***Inc.*** | acortez@swlaw.com |
| 27 | | DOCKET_OC@swlaw.com |
|   | | *Attorneys for **Defendant Strictly Stones*** |
| 28 | | |

-16-

DEFENDANT FRANCINI, INC.'S ANSWER TO PLAINTIFF DENNYS RENE RIVAS-WILLIAMS' FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| 1 | Roger M. Mansukhani, Esq.<br>J. Todd Konold, Esq. | Mary E. Bacon, Esq.<br>Jessica E. Chong, Esq. |
| 2 | Lisa Taylor, Esq.<br>**GORDON REES SCULLY MANSUKHANI,** | **SPENCER FANE LLP**<br>13815 FNB Parkway, Suite 200 |
| 3 | **LLP**<br>101 W. Broadway, Suite 2000 | Omaha, Nebraska 68154<br>Tel.: (402) 965-8600 |
| 4 | San Diego, California 92101<br>Tel.: (619) 696-6700 | Fax: (402) 965-8601<br>mbacon@spencerfane.com |
| 5 | Fax: (619) 969-7124<br>rmansukhani@grsm.com | jchong@spencerfane.com<br>Attorneys for **Defendant Pacific Shore Stones,** |
| 6 | tkonold@grsm.com<br>ltaylor@grsm.com | **LLC** |
| 7 | Attorneys for **Defendant M S International, Inc.; Hirsch Glass Corp.** | |
| 8 | | |
| 9 | Frederick S. Reisz, Esq.<br>Vanessa P. Natividad, Esq. | Jason F. Meyer, Esq.<br>J. Todd Konold, Esq. |
| 10 | **REISZ SIDERMAN EISENBERG, APC**<br>A Professional Corporation | Lisa G. Taylor, Esq.<br>**GORDON REES SCULLY MANSUKHANI,** |
| 11 | 11620 Wilshire Boulevard, Suite 800<br>Los Angeles, California 90025 | **LLP**<br>101 W. Broadway, Suite 2000 |
| 12 | Tel.: (310) 312-0772<br>Fax: (310) 312-0656 | San Diego, California 92101<br>Tel.: (619) 696-6700 |
| 13 | reisz@rse-law.com<br>natividad@rse-law.com | Fax: (619) 696-7124<br>jmeyer@grsm.com |
| 14 | Attorneys for **Defendant LX Hausys America, Inc.** | tkonold@grsm.com<br>ltaylor@grsm.com |
| 15 | | Attorneys for Defendant **Stone Source, LLC** |
| 16 | Robert Arkin, Esq.<br>Georgia Bar No. 021575 | Stephanie Forman, Esq.<br>Roger W. Backlar, Esq. |
| 17 | 6075 Barfield Road, Suite 226<br>Atlanta, GA 30328-4402 | **THARPE & HOWELL, LLP**<br>15250 Ventura Boulevard, Ninth Floor |
| 18 | Tel: 404-220-8500<br>Fax: 855-804-9334 | Sherman Oaks, California 91403<br>Tel.: (818) 205-9955 |
| 19 | Email: robert@arkin.law<br>Attorneys for Defendant **Guidoni USA, Inc.** | Fax: (818) 205-9944<br>sforman@tharpe-howell.com |
| 20 | | rbacklar@tharpe-howell.com<br>Attorneys for **Defendant Lowe's Home** |
| 21 | | **Centers, LLC** |
| 22 | Michael G. Romey, Esq.<br>Michael A. Hale, Esq. | James T. Spratt, Esq.<br>Christine Brice, Esq. |
| 23 | **LATHAM & WATKINS, LLP**<br>355 South Grand Avenue, Suite 100 | **LYDECKER**<br>523 West Sixth Street, Suite 716 |
| 24 | Los Angeles, California 90071-1560<br>Tel.: (213) 485-1234 | Los Angeles, California 90014<br>Tel.: (213) 293-7926 |
| 25 | Fax: (213) 891-8763<br>Michael.Romey@lw.com | Fax: (213) 293-4425<br>jspratt@lydecker.com |
| 26 | Michael.Hale@lw.com<br>Attorneys for **Specially Appearing Defendant** | cbrice@lydecker.com<br>Attorneys for **Defendant Caesarstone Ltd.** |
| 27 | **Stylenquaza, LLC** | |
| 28 | *Updated 01/16/24 ad* | |

-17-