FENNEMORE LLP
Timothy C. Earl, SBN 174967
 tearl@fennemorelaw.com
Sharon A Huerta, SBN 186998
 shuerta@fennemorelaw.com
600 B Street, 17th Floor
San Diego, CA 92101
Tel: (619) 233-4100 / Fax: (619) 231-4372

Attorneys for Defendant
FRANCINI, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANOVER AMERICAN INSURANCE COMPANY and CITIZENS INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>FRANCINI, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-10047<br><br>**AMENDED ANSWER OF DEFENDANT FRANCINI, INC. AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |
| FRANCINI, INC.<br><br>Counterclaimant<br><br>v.<br><br>HANOVER AMERICAN INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY and ROES 1 through 100, inclusive<br><br>Counterdefendants | |

Defendant FRANCINI, INC. ("Defendant"), through its counsel of record, hereby submits its Amended Answer to the Complaint filed by plaintiffs HANOVER AMERICAN INSURANCE COMPANY and CITIZENS INSURANCE COMPANY OF AMERICA, ("Plaintiffs"), pursuant to the Court's Order Granting

Plaintiffs' Motion for Judgment on the Pleadings, with leave to amend (Dkt. No. 66, p. 10), as follows:

## I. THE PARTIES

1. Answering paragraph 1 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

2. Answering paragraph 2 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

3. Answering paragraph 3 of the Complaint, Defendant admits the allegations that (a) Francini Inc. is a corporation duly organized and existing under the laws of the State of California and incorporated under the laws of California, and (b) Defendant's principal place of business is Sun Valley, California. The further allegations of this paragraph assert legal conclusions to which no response is required.

## II. JURISDICTION AND VENUE

4. Answering paragraph 4 of the Complaint, the allegations of this paragraph assert legal conclusions to which no response is required. To the extent a response is necessary, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

5. Answering paragraph 5 of the Complaint, to the extent the allegations of this paragraph assert legal conclusions, no response is required. To the extent a response is necessary, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

6. Answering paragraph 6 of the Complaint, Defendants admit the allegement that its principal place of business is Los Angeles County. The further allegations of this paragraph assert legal conclusions to which no response is required.

///
///

## III. GENERAL ALLEGATIONS

### A. The Policies

7. Answering paragraph 7 of the Complaint, Defendant admits that Hanover American Insurance Company ("Hanover") issued the Commercial General Liability Policy to Defendant effective August 20, 2016 to August 20, 2017 with no applicable deductible. The further allegations of this paragraph assert legal conclusions to which no response is required. To the extent a response is necessary, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

8. Answering paragraph 8 of the Complaint, Defendant admits that Citizens Insurance Company of America ("Citizens") issued the Commercial General Liability Policies to Defendant effective August 20, 2019 to August 20, 2021 with no applicable deductible. The further allegations of this paragraph assert legal conclusions to which no response is required. To the extent a response is necessary, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

9. Answering paragraph 9 of the Complaint, Defendant admits that the Policies contain Commercial General Liability Coverage Form CG 00 01 04 13 and that Form contains the partially quoted provisions alleged. To the extent the remaining allegations assert legal conclusions, no response is required. To the extent a response is required, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

10. Answering paragraph 10 of the Complaint, Defendant admits that the Policies contain the form identified, but denies that the provisions are applicable to preclude a defense to the Underlying Actions. To the extent the remaining allegations assert legal conclusions, no response is required. To the extent a response is required, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

11. Answering paragraph 11 of the Complaint, Defendant admits that the Policies contain the form identified, but denies that the provisions are applicable to preclude a defense to the Underlying Actions. To the extent the remaining allegations assert legal conclusions, no response is required. To the extent a response is required, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

12. Answering paragraph 12 of the Complaint, Defendant admits that the Policies contain the form identified and the form contains the quoted provision, but denies that the provisions are applicable to preclude a defense to the Underlying Actions. To the extent the remaining allegations assert legal conclusions, no response is required. the allegations assert legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph, and accordingly, denies the allegations of this paragraph.

**B.  The Underlying Actions**

13. Answering paragraph 13 of the Complaint, Defendant admits that a number of lawsuits were filed against Defendant and others and that the entity initially identified in those lawsuits as being the attorneys for the various plaintiffs is the Metzger Law Group. Defendant denies the implication that the allegations of the plaintiffs in the Underlying Actions relate solely to silicosis and exposure to silica, as the plaintiffs in the Underlying Actions also seek damages for injuries unrelated to silicosis and silica. Defendant further alleges that:

- Defendant admits that on February 23, 2021, plaintiffs Victor and Ana Gonzalez filed a lawsuit in Los Angeles County Superior Court Case No. 21STCV06984.
- Defendant admits that on December 13, 2022, plaintiffs Leobardo Segura-Meza and Mirian Sanchez filed a lawsuit in Los Angeles County

Superior Court Case No. 22STCV38729 and filed their Amended Complaint on March 2, 2023.

- Defendant admits that on December 22, 2022, plaintiffs Rodolfo Garcia-Rosas and Alma Delia Llamas filed a lawsuit in Los Angeles County Superior Court Case No. 22STCV39957, and filed their Amended Complaint on March 13, 2023.

- Defendant admits that on January 5, 2023, plaintiffs Demetrio Luna-Reyes and Guillemina Valdez filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV00238, and filed their Amended Complaint on March 13, 2023.

- Defendant admits that on January 5, 2023, plaintiffs J. Guadalupe Reyes-Cuevas and Blanca Estela Acosta-Martinez filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV00260. Defendant denies that plaintiffs filed their Amended Complaint on March 30, 2023, as Defendant understands the Amended Complaint to have been filed on March 20, 2023.

- Defendant admits that on January 23, 2023, plaintiffs Fernando Bustos-Mondragon and Veronica De La Cruz filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV01424 and that plaintiffs filed their Amended Complaint on March 20, 2023.

- Defendant admits that on January 25, 2023, plaintiff Adan Gomez-Rivera filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV01612. Defendant denies that plaintiff filed his Amended Complaint on March 30, 2023, as Defendant understands the Amended Complaint to have been filed on March 2, 2023.

- Defendant admits that on March 22, 2023, plaintiffs Angel Gallegos-Botello and Araceli Mejia filed a lawsuit in Los Angeles County Superior Court, Case No. 23STCV06368.

- Defendant admits that on March 22, 2023, plaintiff William Moz-Murica filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV06384.
- Defendant admits that on March 23, 2023, plaintiff Oscar Alvarado Ortiz filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV06568.
- Defendant admits that on April 5, 2023, plaintiffs Jorge Estrella-Moreno and Maria Dolores Valencia-Cardenas filed a lawsuit in San Francisco County Superior Court Case No. CGC-23-605643.
- Defendant admits that on April 17, 2023, plaintiffs Jose Guadalupe Soto-Rodriguez and Sara Sanchez filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV08440.
- Defendant admits that on April 17, 2023, plaintiffs Dennys Rene Rivas-Williams filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV08523.
- Defendant admits that on April 18, 2023, plaintiffs Martin Melendez-Murillo and Rufina Barajas filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV08596.
- Defendant admits that on May 22, 2023, plaintiffs Wendy Viridiana Solano-Claustro, Jose Raul Garcia-Leon, Rebecca Nicole Garcia, Joseph Ryan Garcia, and Brian Ulises Garcia filed a lawsuit in Los Angeles County Superior Court, Case No. 23STCV11602 and plaintiffs filed their Amended Complaint on May 31, 2023.
- Defendant admits that on May 24, 2023, plaintiffs Arturo Montoya-Bautista and Magdalena Balderas-Molina filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV11727.

///

///

- Defendant admits that on May 25, 2023, plaintiffs Jaime Blanco Maciel and Helen Ortiz Blanco filed a lawsuit in Los Angeles County Superior Court Case No. 23STCV12007.

To the extent the further allegations of this paragraph assert legal conclusions, no response is required. To the extent a response is necessary, Defendant lacks sufficient information or belief to admit or deny said allegations of this paragraph.

### C. Citizens and Hanover's Reservation of Rights

14. Answering paragraph 14 of the Complaint, to the extent that the allegations assert legal conclusions, no response is required. To the extent that a response is necessary, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

15. Answering paragraph 15 of the Complaint, Defendant admits that via correspondence of September 27, 2023, Plaintiffs agreed to defend 16 lawsuits against Defendant under a reservation of rights, that included reference to silica and pollution exclusions. The further allegations of this paragraph assert legal conclusions to which no response is required. To the extent a response is necessary, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

### IV. FIRST CAUSE OF ACTION
### For Declaratory Relief re: No Duty to Defend

16. Answering paragraph 16 of the Complaint, Defendant admits and denies the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above.

17. Answering paragraph 17 of the Complaint, Defendant admits that it contends that Plaintiffs must defend it in, *inter alia*, all of the "aforementioned suits" identified in the Complaint but lacks sufficient information or belief to admit or deny the remaining allegations of this paragraph.

/ / /

18. Answering paragraph 18 of the Complaint, the allegations of this paragraph assert legal conclusions to which no response is required. To the extent a response is necessary, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph and specifically denies that Plaintiffs have no duty to defend Defendant in the Underlying Actions.

19. Answering paragraph 19 of the Complaint, the allegations of this paragraph assert legal conclusions to which no response is required.

20. Answering paragraph 20 of the Complaint, the allegations of this paragraph assert legal conclusions to which no response is required.

## V.   SECOND CAUSE OF ACTION

### For Declaratory Relief re: No Duty to Indemnify

21. Answering paragraph 21 of the Complaint, Defendant admits and denies the allegations contained in the previous paragraphs incorporated herein to the same extent and in the same manner as set forth above

22. Answering paragraph 22 of the Complaint, Defendant admits that it contends that Plaintiffs must indemnify it in, *inter alia*, all of the "aforementioned suits" identified in the Complaint but lacks sufficient information or belief to admit or deny the remaining allegations of this paragraph.

23. Answering paragraph 23 of the Complaint, the allegations of this paragraph assert legal conclusions to which no response is required. To the extent a response is necessary, Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph and specifically denies that Plaintiffs have no duty to indemnify Defendant in the Underlying Actions.

24. Answering paragraph 24 of the Complaint, the allegations of this paragraph assert legal conclusions to which no response is required.

25. Answering paragraph 25 of the Complaint, the allegations of this paragraph assert legal conclusions to which no response is required.

///

## VI.  PRAYER FOR RELIEF

Defendant denies that Plaintiffs sustained any compensable damage and further denies that Plaintiffs are entitled to any relief whatsoever as a result of the claims pled.

## AFFIRMATIVE DEFENSES

Defendant further alleges and asserts the following as affirmative defenses to the allegations of the Complaint.  In addition to the affirmative defenses described below, Defendant specifically reserves all rights to allege additional affirmative defenses as may become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

1. As a separate and affirmative defense, Defendant alleges that, as to each and every claim pled, Plaintiffs have failed to allege facts sufficient to constitute a claim for relief against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

2. As a separate and affirmative defense, Defendant alleges that Plaintiffs have failed to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3. As a separate and affirmative defense, Defendant alleges that Plaintiffs claims should be dismissed to the extent they are seeking an advisory opinion.

## FOURTH AFFIRMATIVE DEFENSE

4. As a separate and affirmative defense, Defendant alleges that certain of Plaintiffs claims should be dismissed because there is no "substantial controversy" between Plaintiffs and Defendant at this time.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate and affirmative defense, Defendant alleges that certain of Plaintiffs claims should be dismissed because they are premature.

/ / /

/ / /

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate and affirmative defense, Defendant alleges that Plaintiffs claims are barred by the terms and conditions contained in the relevant policies and/or applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate and affirmative defense, Defendant alleges that Plaintiffs claims are barred because Plaintiffs have breached the terms of the policies and/or failed to act in good faith and deal fairly with Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate and affirmative defense, Defendant alleges that Plaintiffs claims are barred because Plaintiffs have failed to join all necessary, indispensable, and/or interested parties.

### NINTH AFFIRMATIVE DEFENSE

9. As a separate and affirmative defense, Defendant alleges that Plaintiffs claims are barred because it voluntarily made all relevant payments.

### TENTH AFFIRMATIVE DEFENSE

10. As a separate and affirmative defense, Defendant alleges on information and belief that Plaintiffs have waived their right to pursue the claims set forth in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate and affirmative defense, Defendant alleges on information and belief that Plaintiffs are estopped and barred from obtaining the relief requested therein.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate and affirmative defense, Defendant alleges on information and belief that Plaintiffs are barred by the doctrine of unjust enrichment.

/ / /

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a separate and affirmative defense, Defendant alleges on information and belief that Plaintiffs are barred from recovery, in whole and in part, by the equitable doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a separate and affirmative defense, Defendant alleges on information and belief that Plaintiffs are estopped to pursue any claim for relief against Defendants by the equitable doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a separate and affirmative defense, Defendant alleges on information and belief that if Plaintiffs were damaged in any manner whatsoever, which is denied, then said damages, if any, or a portion thereof, were and are the direct and probable result of the Plaintiffs' failure to mitigate their damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a separate and affirmative defense, Defendant alleges that Plaintiffs have not been damaged in any sum alleged, or at all.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. As a separate and affirmative defense, Defendant alleges on information and belief that any damages later claimed by Plaintiffs are uncertain and, therefore, preclude calculation and recovery thereof.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. As a separate and affirmative defense, Defendant alleges that any duty or obligation, contractual or otherwise, which Plaintiffs claims were owed to them by Defendant have been fully and faithfully performed, satisfied, and/or discharged.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a separate and affirmative defense, Defendant alleges on information and belief that any actions taken by Defendant were made in justified reliance on representations made by the Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

20. As a separate and affirmative defense, Defendant alleges on information and belief that Plaintiffs, through their conduct, approved, authorized, and/or ratified the actions complained of, and are, therefore, estopped from obtaining any relief by their Complaint, or upon any purported claim for relief alleged therein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As a separate and affirmative defense, Defendant alleges that Plaintiffs are barred from any recovery in this action in that Plaintiff, their assignors, and/or others, willingly and voluntarily consented, expressly and impliedly, to any such acts and conduct as may be shown on the part of the Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As separate and affirmative defense, Defendant alleges that Plaintiffs are barred from any recovery in this action in that Plaintiffs' inactions and actions prevented Defendants from performing or correcting performance of any alleged obligations.

## RESERVATION OF RIGHTS

As a separate and affirmative defense, Defendants presently lacks sufficient knowledge and information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiffs as follows:

1. Dismissing Plaintiffs' Complaint with prejudice and denying Plaintiffs' request for relief;

2. In the alternative, a judgment declaring that Hanover and Citizens have a duty to defend and indemnify Francini, Inc. in the "Underlying Actions" identified in Plaintiffs' Complaint;

3. Awarding Defendants attorneys' fees and/or costs of suit incurred herein to the extent authorized by contract or statute; and

4. For such other and further relief as this Court deems equitable.

## **COUNTERCLAIMS**

1. This Court has jurisdiction over the instant action at a minimum pursuant to 28 U.S.C. §§ 2201, *et seq.*, and 28 U.S.C. §§ 1332.

2. Counterclaimant is informed and believes and on that basis alleges that, in addition to the Underlying Actions identified in Plaintiffs' Complaint herein, primarily led by the Metzger Law Group as counsel for plaintiffs, Counterclaimant has been named and served in an additional 53 Actions, as more fully set forth in Exhibit A hereto (the "Additional Actions").

3. Counterclaimant is informed and believes and on that basis alleges that, these Additional Actions exemplify the fact the underlying plaintiffs' claims as to their injuries and the causes of their injuries have evolved to, including as to the Underlying Actions at issue in Plaintiffs' Complaint, to specifically include, identify, and make claim for bodily injuries separate and apart from silicosis caused by substances separate and apart from silica and/or pollutants, including but not limited to fibrotic lung disease caused by the inhalation of the metals allegedly contained in the products at issue.

4. Counterclaimant is informed and believes and on that basis alleges that, by way of example, these allegations include:

> 77. Fabrication workers who cut, grind, drill, chip, edge, and/or polish artificial stone products are not only exposed to high concentrations of respirable crystalline silica, but are also exposed to other toxic substances in artificial stone, including metals used as pigments and polymeric resins as binders.

78. In addition to crystalline silica, pulmonary fibrosis (scarring of the lung tissue) is caused by many metals that are constituents of artificial stone, including aluminum, antimony, arsenic, chromium, cobalt, copper, iron, manganese, nickel, titanium, tungsten, and vanadium. Some of these metals also cause an immunologic lung disease called hypersensitivity pneumonitis characterized by granulomas in lung tissue that also causes pulmonary fibrosis.

. . .

92. Throughout the course of his work, Plaintiff, JOAQUIN FERNANDO ALVARADO, worked with inherently hazardous stone products manufactured, imported, supplied, distributed, contracted, and/or brokered, by the named Defendants and Does 1-100. Plaintiff, JOAQUIN FERNANDO ALVARADO, was thereby exposed to and inhaled stone dust containing silica and other toxins and carcinogens, as well as artificial stone dust containing respirable crystalline silica (including quartz and cristobalite), metals (including aluminum, antimony, arsenic, chromium, cobalt, copper, iron, manganese, nickel, titanium, tungsten, and vanadium) and volatile organic compounds from polymeric resins and other binders (including phthalic anhydride, benzene, ethylbenzene, and toluene) emitted from these products.

*Joaquin Fernando Alvarado, et al. v. 405 Cabinets, Inc., et al.*, Orange County Superior Court Case No. 30-2025-01460547-CU-TT-CXC.

///

5. Counterclaimant is informed and believes and on that basis alleges that, in addition to these allegations, the underlying plaintiffs are presenting expert and other evidence of these distinct injuries from metals in the Underlying Actions and as to the Additional Actions.

6. Counterclaimant is informed and believes and on that basis alleges that the Policies issued by Plaintiffs/Counterdefendants herein create the duty and obligation of Plaintiffs/Counterdefendants to defend Defendant/Counterclaimant in relation to the Underlying Action and the Additional Actions.

7. Counterclaimant is informed and believes and on that basis alleges that, in relevant part, the Policies insuring agreements provide that Plaintiffs/Counterdefendants "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. …"

8. Counterclaimant is informed and believes and on that basis alleges that the Policies define bodily injury as "bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time. 'Bodily injury' includes mental anguish or other mental injury resulting from 'bodily injury'."

9. Counterclaimant is informed and believes and on that basis alleges that there are no applicable exclusions in the Policies that would apply to preclude Plaintiffs' defense obligation for these Actions under California law where, in order to do so, Plaintiffs/Counterdefendants are required to demonstrate by undisputed facts and evidence the complete absence of a potential for coverage (*Montrose Chemical Corp. v. Sup. Ct.*, 6 Cal. 4th 287, 300 (1993) and that the plaintiffs' allegations "can by no conceivable theory bring it within the policy coverage" (*Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276, fn. 15 (1966)), where the duty to defend is triggered by only the "bare potential" or "possibility" of coverage. Notably, "an insurer that wishes to rely on an exclusion has the burden of proving, through

FENNEMORE LLP
ATTORNEYS AT LAW
SAN DIEGO

15
**DEFENDANT'S AMENDED ANSWER & COUNTERCLAIM**
51635091.1/067845.0001

conclusive evidence, that the exclusion applies in all possible worlds," (*Atlantic Mutual Ins. Co. v. J. Lamb, Inc.*, 100 8 Cal. App. 4th 1017, 1039 (2002)), which Plaintiffs/Counterdefendants cannot do.

## FIRST CLAIM

## DECLARATORY RELIEF RE DUTY TO DEFEND

10. Counterclaimant incorporates paragraphs 1-9 of the Counterclaim as though fully set forth herein.

11. An actual controversy has arisen and now exists between Plaintiffs/Counterdefendants and Defendant/Counterclaimant concerning the parties' respective rights and duties under the Policies. Counterclaimant contends that in light of the allegations of bodily injury arising separate and apart from silica and/or any pollutant as defined by the policies, Plaintiffs have owed and continue to owe a duty to defend Defendant/Counterclaimant in relation to the Underlying Actions, the Additional Actions, and any other similarly situated actions that may be filed as against Defendant/Counterclaimant and Plaintiffs/Counterdefendants contend they have no duty to defend these Actions based on the pollution and silica exclusions contained in the Policies.

12. Accordingly, Counterclaimant seeks a judicial determination of their rights and duties and a declaration as to Plaintiffs/Counterdefendants' respective duties to defend and pay defense expenses in relation to the Underlying Actions, the Additional Actions, and any other similarly situated Actions that may be filed against Defendant/Counterclaimant, through full and final resolution of these Actions.

13. A judicial determination is appropriate at this time given the ongoing nature of the Actions, the expected continuance of same, and the Defendant/Counterclaimant's continued need for defending the Actions.

14. A judicial determination of the respective rights, duties, and liabilities of the parties under the Policies is necessary so that all of the parties can assess their

respective positions, rights, and responsibilities and to avoid prejudicing the rights of Plaintiffs.

## PRAYER

WHEREFORE, Counterclaimant prays for judgment on its Counterclaim against Counterdefendants, as follows:

1. A declaration of the right of Defendant/Counterclaimant concerning the duties of Plaintiffs/Counterdefendants to defend against the claims in the Underlying Actions, the Additional Actions, and any other similarly situated Actions that may be filed against Defendant/Counterclaimant;

2. A declaration that Plaintiffs/Counterdefendants each have an independent, immediate duty to completely defend Defendant/Counterclaimant in the Underlying Actions, the Additional Actions, and any other similarly situated Actions that may be filed against Defendant/Counterclaimant, through full and final resolution of these Actions;

3. Costs of suit.

4. Such other and further relief as is just and proper.

Dated:     May 1, 2025            FENNEMORE LLP


                                  By:   */s/ Sharon A. Huerta*_____
                                        Sharon A. Huerta
                                  Attorneys for Defendant, FRANCINI, INC.