1   STEPHEN M. HAYES (SBN 83583)
    shayes@hayesscott.com
2   RYAN Z. KELLER (SBN 249193)
    rkeller@hayesscott.com
3   HAYES SCOTT BONINO ELLINGSON & GUSLANI LLP
4   333 Twin Dolphin Road, Suite 230
    Redwood City, California 94065
5   Telephone:  650.637.9100

6
    Attorneys for Plaintiffs
7   HANOVER AMERICAN INSURANCE COMPANY and
    CITIZENS INSURANCE COMPANY OF AMERICA

8

9                     UNITED STATES DISTRICT COURT

10                    CENTRAL DISTRICT OF CALIFORNIA

11

12

13  HANOVER AMERICAN                    **CASE NO.** 2:23-cv-10047
    INSURANCE COMPANY and
14  CITIZENS INSURANCE COMPANY          **HANOVER AMERICAN INSURANCE**
    OF AMERICA,                         **COMPANY AND CITIZENS**
15                                      **INSURANCE COMPANY OF**
                                        **AMERICA'S ANSWER TO**
16            Plaintiffs,               **FRANCINI'S COUNTERCLAIM**

17      vs.

18                                      **DEMAND FOR JURY TRIAL**
    FRANCINI, INC.; and DOES 1
19  through 100, Inclusive,

20            Defendants.

21  AND RELATED COUNTERCLAIM

22

23

24

25

26

27

28

Plaintiffs Hanover American Insurance Company and Citizens Insurance Company of America ("Plaintiffs" or "Counter-Defendants") hereby submit their answer and affirmative defenses to the counterclaim filed by Defendant Francini, Inc. ("Francini" or "Counterclaimant") as follows:

## **COUNTERCLAIMS**

1. In answer to Paragraph 1 of the Counterclaim, these answering Counter-Defendants admit that jurisdiction is proper in this Court.

2. In answer to Paragraph 2 of the Counterclaim, these answering Counter-Defendants admit that Francini has been named as a defendant in the "Additional Actions". These answering Counter-Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

3. In answer to Paragraph 3 of the Counterclaim, these answering Counter-Defendants deny the allegations.

4. In answer to Paragraph 4 of the Counterclaim, these answering Counter-Defendants admit the language in this Paragraph contains allegations from the complaint filed on February 13, 2025 in the matter *Joaquin Fernando Alvarado, et al. v. 405 Cabinets, Inc., et al.,* Orange County Superior Court Case No. 30-2025-01460547-CU-TT-CXC; however, Counter-Defendants deny that these allegations are an example that support the contentions in paragraph 3.

5. In answer to Paragraph 5 of the Counterclaim, these answering Counter-

Defendants deny the allegations.

6. In answer to Paragraph 6 of the Counterclaim, these answering Counter-Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Counter-Defendants deny the allegations.

7. In answer to Paragraph 7 of the Counterclaim, these answering Counter-Defendants admit the Policies contain this language, although taken out of context and without consideration for the language of the Policies as a whole. These answering Counter-Defendants deny the remaining allegations.

8. In answer to Paragraph 8 of the Counterclaim, these answering Counter-Defendants admit the Policies contain this language, although taken out of context and without consideration for the language of the Policies as a whole. These answering Counter-Defendants deny the remaining allegations.

9. In answer to Paragraph 9 of the Counterclaim, these answering Counter-Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Counter-Defendants deny the allegations.

## FIRST CLAIM

## DECLARATORY RELIEF RE DUTY TO DEFEND

10. In answer to Paragraph 10 of the Counterclaim, these answering Counter-Defendants admit and deny the allegations contained in the previous paragraphs

incorporated herein to the same extent and in the same manner as set forth above.

11. In answer to Paragraph 11 of the Counterclaim, these answering Counter-Defendants admit that an actual controversy has arisen and now exists between Plaintiffs and Francini regarding whether there is a duty to defend the Underlying Actions and the Additional Actions. These answering Counter-Defendants further admit that they contend that there is no duty to defend based on the Silica or Silica-Related Dust exclusion and/or the Total Pollution exclusion. Otherwise, deny.

12. In answer to Paragraph 12 of the Counterclaim, these answering Counter-Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Counter-Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations and therefore deny them.

13. In answer to Paragraph 13 of the Counterclaim, these answering Counter-Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Counter-Defendants admit that a judicial determination is appropriate as to the Underlying Actions and the Additional Actions. Otherwise, deny.

14. In answer to Paragraph 14 of the Counterclaim, these answering Counter-Defendants respond that this Paragraph contains legal conclusions and arguments for which no response is required. To the extent a response is required, these answering Counter-Defendants admit that a judicial determination is appropriate as to the

1  Underlying Actions and the Additional Actions.  Otherwise, deny.

2
3                                    **PRAYER**

4          In answer to Prayer in the Counterclaim, these answering Counter-Defendants

5  respond that the Prayer contains legal conclusions and argument for which no

6  response is required.  To the extent a response is required, these answering Counter-

7
8  Defendants deny the allegations and further deny that Francini is entitled to any

9  relief.

10
11                          **AFFIRMATIVE DEFENSES**

12                 **FIRST AND SEPARATE AFFIRMATIVE DEFENSE**

13         As a separate, distinct and affirmative defense to the complaint, and to each

14
15  and every cause of action and/or claim for relief thereof, these answering Counter-

16  Defendants allege that the counterclaim, and each and every cause of action and/or

17  claim for relief thereof, fails to state facts sufficient to constitute a cause of action

18
19  and/or claim for relief against these answering Counter-Defendants.

20                **SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

21         As a separate, distinct and affirmative defense to the counterclaim, and to each

22
23  and every cause of action and/or claim for relief thereof, these answering Counter-

24  Defendants allege that the Counterclaimant's claims are barred, in whole or in part,

25  and/or there is no duty to defend and/or no duty to indemnify Counterclaimant,

26
27  pursuant to the terms, conditions, exclusions, endorsements, limits, and limitations

28  set forth in the Policies as to the matters alleged in the counterclaim.

## THIRD AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Counter-Defendants allege that Counterclaimant has waived and/or is estopped and barred from alleging the matters set forth in the counterclaim.

## FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the counterclaim, and to each and every cause of action and/or claim for relief thereof, these answering Counter-Defendants allege that the counterclaim is barred by the Doctrine of Unclean Hands.

## FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the counterclaim, and to each and every cause of action and/or claim for relief thereof, these answering Counter-Defendants allege that the Counterclaimant has consented and acquiesced to the matters alleged in the counterclaim.

## SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the counterclaim, and to each and every cause of action and/or claim for relief thereof, these answering Counter-Defendants allege that the counterclaim is barred by the doctrine of laches.

## SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the counterclaim, and to each and every cause of action and/or claim for relief thereof, these answering Counter-

Defendants allege that any loss to Counterclaimant was proximately caused or contributed to by the acts, omissions, or fault of other persons or entities, which Counter-Defendants neither controlled nor had the right or duty to control, and that no loss of which Counterclaimant complains was caused by acts or omissions of Counter-Defendants.

**RESERVATION OF ADDITIONAL DEFENSES**

Counter-Defendants reserves their right to assert further and additional affirmative defenses and policy defenses based upon information that may be provided in the course of this litigation.

WHEREFORE, these answering Counter-Defendants pray for judgment as follows:

1.    That Counterclaimant take nothing by its counterclaim;

2.    For costs of suit incurred herein; and

3.    For such other and further relief as the Court deems proper.

Dated:  May 21, 2025                    HAYES SCOTT BONINO
                                        ELLINGSON & GUSLANI LLP


                                        By:  /S/ Ryan Z Keller
                                        STEPHEN M. HAYES
                                        RYAN Z. KELLER
                                        Attorneys for Plaintiffs
                                        HANOVER AMERICAN INSURANCE
                                        COMPANY and CITIZENS INSURANCE
                                        COMPANY OF AMERICA

-6-

# DEMAND FOR JURY TRIAL

Plaintiffs and Counter-Defendants Hanover American Insurance Company and Citizens Insurance Company hereby demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  May 21, 2025                         HAYES SCOTT BONINO
                                             ELLINGSON & GUSLANI LLP


                                        By:  _/S/ Ryan Z Keller_____
                                             STEPHEN M. HAYES
                                             RYAN Z. KELLER
                                             Attorneys for Plaintiffs
                                             HANOVER AMERICAN INSURANCE
                                             COMPANY and CITIZENS INSURANCE
                                             COMPANY OF AMERICA